AO 243 (Rev. 09/17)



FILED BY _PG_ D.C.

DEC 0 1 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District **SOUTHERN, miami FLORIDA.** |
|---|---|

| Name *(under which you were convicted):* DANIEL OCHOA | Docket or Case No.: |
|---|---|

| Place of Confinement: Federal correctional complex (USP-1) coleman Florida | Prisoner No.: 05620-104 |
|---|---|

| UNITED STATES OF AMERICA | Movant *(include name under which convicted)* |
| V. | DANIEL OCHOA |

### MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court, for the southern District of Florida. miami Division.

   (b) Criminal docket or case number (if you know): 14-20674-CR-King

2. (a) Date of the judgment of conviction (if you know): DECEMBER 14, 2016.

   (b) Date of sentencing: DECEMBER 14, 2016

3. Length of sentence: 360 months.

4. Nature of crime (all counts): Ct. One, HOBBS act ROBBERY (18 U.S.C. 1951 (a) and Ct. Two, Possession of a firearm in furtherance of a crime of violence (18 USC § 924 (c)(1)(A)(iii)

5. (a) What was your plea? (Check one)
   (1) Not guilty ☑   (2) Guilty ☐   (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

   N/A

AO 243 (Rev. 09/17)

6.  If you went to trial, what kind of trial did you have?  (Check one)      Jury ☑      Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?      Yes ☐      No ☑

8.  Did you appeal from the judgment of conviction?      Yes ☑      No ☐

9.  If you did appeal, answer the following:

 (a) Name of court:  United States Court of Appeals for the Eleventh Circuit,

 (b) Docket or case number (if you know):  16-17609

 (c) Result:  AFFIRMED

 (d) Date of result (if you know):  Oct. 25, 2019

 (e) Citation to the case (if you know):  941 F.3d 1074, 2019 US App. Lexis 32092

 (f) Grounds raised:  1). District court violated mr. Ochoas' sixth Amend. Rights by limiting mr. Ochoas' Cross-Examination. 2). Dist. Erred by denying mr. Ochoas' motion to suppress Evid. 3). Dist. Ct. Erred in dismissed Count 3 without prejudice 4). Evid. was insufficient to convict for Hobbs act Robbery with a firearm and being a felon in possession of a firearm. 5). Cumulative Error Violation 6). Dist. Ct. Violated Procedurally Error. etc.

 (g) Did you file a petition for certiorari in the United States Supreme Court?      Yes ☑      No ☐

  If "Yes," answer the following:

  (1) Docket or case number (if you know): _____

  (2) Result:  AFFIRMED.

  _____

  (3) Date of result (if you know): _____

  (4) Citation to the case (if you know): _____

  (5) Grounds raised: _____

  _____

  _____

  _____

  _____

10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
   Yes ☐      No ☑

11.  If your answer to Question 10 was "Yes," give the following information:

AO 243 (Rev. 09/17)

(a) (1) Name of court: _____ N/A _____

   (2) Docket or case number (if you know): _____ N/A _____

   (3) Date of filing (if you know): _____ N/A _____

(4) Nature of the proceeding: _____ N/A _____

(5) Grounds raised: _____ N/A _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

   Yes ☐   No ☑

(7) Result: _____ N/A _____

(8) Date of result (if you know): _____ N/A _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____ N/A _____

(2) Docket of case number (if you know): _____ N/A _____

(3) Date of filing (if you know): _____ N/A _____

(4) Nature of the proceeding: _____ N/A _____

(5) Grounds raised: _____ N/A _____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

   Yes ☐   No ☑

(7) Result: _____ N/A _____

(8) Date of result (if you know): _____ N/A _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:   Yes ☐   No ☑

(2) Second petition:   Yes ☐   No ☑

AO 243 (Rev. 09/17)

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

*N/A.*

12.  For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.  Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:**  *Government did not have Jurisdiction to convict movant.*

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*Movant is challenging his conviction do to the united States District court for the middle district of Florida lacks Jurisdiction. THERE WAS no Judicial notice given, There is no Proff in The indictment nor, At TRial, That The BRinks SAVins and loans was insured by the Federal Deposit insurance corporation (F.D.I.C) Also, There was no in court identification to support Jurisdiction over movants Federal indictment. To Establish Federal Jurisdiction, THE Government must show that the BAnk or PlAce of Business was in fact.*

*(SEE contenued ground, Attached ground)*

(b)  **Direct Appeal of Ground One:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☑

(2)  If you did not raise this issue in your direct appeal, explain why:

*Appeal Attorney Failed to RAise This issue*

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☑

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:  *N/A*

Name and location of the court where the motion or petition was filed:

*N/A*

Docket or case number (if you know):  *N/A*

Date of the court's decision:  *N/A*

Result (attach a copy of the court's opinion or order, if available):  *N/A*

AO 243 (Rev. 09/17)

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐          No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐          No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐          No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____N/A_____

Docket or case number (if you know): _____N/A_____

Date of the court's decision: _____N/A_____

Result (attach a copy of the court's opinion or order, if available): _____N/A_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: Appeal attorney failed to raise this issue.

GROUND TWO: Violation of movants sixth Amendment of The Constitution for the United States (confrontation clause).

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Movants Sixth Amendment of The United States Constitution where violated under confrontation clause,

In all criminal Prosecutions, the Accused shall enjoy The right to be confronted with the witnesses against him. Confrontation clause (1913) The sixth Amendment Provisions generally guaranteeing a criminal defendants right to confront an accusing witness face-to-face and.

(See attached continued ground two)

(b) Direct Appeal of Ground Two:

AO 243 (Rev. 09/17)

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☑        No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

_____ N/A _____

(c)   **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐        No ☑

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____ N/A _____

Name and location of the court where the motion or petition was filed: N/A ____

Docket or case number (if you know): __ N/A _____

Date of the court's decision: ____ N/A _____

Result (attach a copy of the court's opinion or order, if available): __ N/A. _____

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐        No ☑

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐        No ☑

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐        No ☑

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: __ N/A. _____

Docket or case number (if you know): ___ N/A _____

Date of the court's decision: _____ N/A _____

Result (attach a copy of the court's opinion or order, if available): __ N/A _____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: ____ N/A _____

AO 243 (Rev. 09/17)

**GROUND THREE:** Violation of movant's Fourth Amendment of The constitution for the united states. (illegal SEARCH and SEIZURE)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

movant's Fourth Amendment for the united states constitution was Violated pursuant to a illegal SEARCH and the items seized which were found in the BACK (side) yard of movants Residence. (.45 cal. hand gun. w/amunition.

(SEE contenued Attached Ground THREE)

(b) **Direct Appeal of Ground Three:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐          No ☑

(2)  If you did not raise this issue in your direct appeal, explain why:

Attorney failed to bring up issues

(c) **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐          No ☑

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:          N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know):     N/A

Date of the court's decision:          N/A

Result (attach a copy of the court's opinion or order, if available):     N/A

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐          No ☑

(4)  Did you appeal from the denial of·your motion, petition, or application?

AO 243 (Rev. 09/17)

          Yes ☐      No ☑

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

          Yes ☐      No ☑

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____ *N/A* _____

Docket or case number (if you know): _____ *N/A* _____

Date of the court's decision: _____ *N/A* _____

Result (attach a copy of the court's opinion or order, if available): _____ *N/A* _____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: *TRIAL counsel did not RAISE this issue or object.*

**GROUND FOUR:** *Violation of movants FiFth Amendment of The constitution for the united states (DUE process violation)*

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*movants FiFth Amendment for the united states constitution for due process of law was violated.*

*The FiFth Amendment, no person shall be Held to Answer for a capital, or otherwise infamous crime, to be deprived of life, liberty, or property without due process of law.*

*movant was deprived of due process of law when the.*

*("(SEE contenued Attached ground four)")*

(b)  **Direct Appeal of Ground Four:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

          Yes ☐      No ☑

(2)  If you did not raise this issue in your direct appeal, explain why:

*Appeal Attorney Failed to RAISE this issue.*

(c)  **Post-Conviction Proceedings:**

AO 243 (Rev. 09/17)

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐        No ☑

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____ N/A _____

Name and location of the court where the motion or petition was filed:

_____ N/A _____

Docket or case number (if you know): _____ N/A _____

Date of the court's decision: _____ N/A _____

Result (attach a copy of the court's opinion or order, if available): _____ N/A _____

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐        No ☑

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐        No ☑

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐        No ☑

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____ N/A _____

Docket or case number (if you know): _____ N/A _____

Date of the court's decision: _____ N/A _____

Result (attach a copy of the court's opinion or order, if available): _____ N/A _____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise

issue: _____ ATTORNEY failed to RAISE THiS iSSUE. _____

13.   Is there any ground in this motion that you have not previously presented in some federal court?  If so, which
ground or grounds have not been presented, and state your reasons for not presenting them: _____ N/A _____

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging?          Yes ☐          No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.          _N/A_

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing: _Ayana N. Harris, Federal public Defender's office._ _150 W. Flagler street, miami, FL. 33130-1556,   Phn. No. 305-536-4559._

(b) At the arraignment and plea: _Ayana N. Harris.   (address same)_ _Added atty, Katherine Carmon.  Federal public Defender. (address same)_

(c) At the trial: _Lawrence A. Hashish. 1700 East Las olas Blvd._ _Fort Lauderdale, FL. 33301  Phn. No. 954-703-2112._

(d) At sentencing: _Lawrence A. Hashish.   (address same)_

(e) On appeal: _(Atty) Katherine Anna carmon., Federal public Defender's office._ _150. W. Flagler street, miami, FL. 33130-1555.  Phn. No. 305-530-9000_

(f) In any post-conviction proceeding: _N/A_

(g) On appeal from any ruling against you in a post-conviction proceeding: _N/A_

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?          Yes ☑          No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          Yes ☐          No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _N/A_

AO 243 (Rev. 09/17)

(b)  Give the date the other sentence was imposed: _____ N/A _____

(c)  Give the length of the other sentence: _____ n/a _____

(d)  Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ☑    No ☐

18.  TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

THERE is no TIMELINESS issue THAT BARRS submitting This motion.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
  A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
  (1)  the date on which the judgment of conviction became final;
  (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

AO 243 (Rev. 09/17)

      (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: _To AWARD movant a NEW TRial and relief from The career offender enhancements, ecta. Also, to VACATE movants SENTENCE._

or any other relief to which movant may be entitled.

_____ _N/A._

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _11/24/2020_

(month, date, year)

Executed (signed) on _[signature] 11-24-2020_ (date) _11/_

X _[signature]_

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

_____

_____

_____

Page 13 of 14

AO 243 (Rev. 09/17)

# ATTACHMENT

Ground One - Gov. did not have Jurisdiction to convict.

Ground Two - violation of movants Sixth Amendment.

Ground THREE - Violation of movants Fourth Amendment...

Ground Four - Violation of movants Fifth Amendment...

Ground Five - Ineffective assistance of counsel

Ground Six - movant moves for a new trial.

Ground seven - movant is challenging his conviction under 18 USC. § 922(g)(1).

<u>Ground one:</u>  Government did not have Jurisdiction to convict movant.

<u>Supporting facts:</u>  Movant is challenging his conviction do to the United States District Court for the middle distaict of Florida Lacks Jurisdiction to convict movant.

There was no Judicial notice given, There is no Proff in the indictment, nor, in the Jury instructions, nor, at The Trial, that the Brinks saving and loans was insured by The Federal Deposit Insurance Corperation, (F.D.I.C) Also, there was no in court identification to support Jurisdiction over movants Federal indictment.

To Establish federal **Jurisdiction**, the Government must show that the Bank or Place of Business was in fact insured by The Federal Deposit insurance corperation (F.D.I.C)., and must produce the proper certificate to prove that the place of Business was (F.D.I.C) insured at the time of the offence. (see U.S. v. Baldwin, 644, F.2d. 381, 395 (5th Cir. 1991)

In Federal Rule of Evidence, Rule 902, The Governments (non) Admission of (F.D.I.C) insurance certificate were not properly Authenticated, has constituted Reversible Error and has caused denial of a fair Trial. Per The Federal Rules of Evidence, business records, such as (F.D.I.C) insurance certificates must be introduced Through the testimony of a custodian

(Contenued ground one)

OR qualified witness. united states v. Jenkins, 345 F.3d 928, 935. (6th Cir. 2003)

Evidence That follows This mandate is considered Authinticated and Admissible.

In This case, The (F.D.I.C.) insurance certificates were not only properly Authinticated, But not even submitted or even introduced As Evidence At All.

Since The Government failed to properly introduce The (F.D.I.C.) insurance certificate As Evidence to prove That The Brinks saving and loans was in fact (F.D.I.C.) insured, The Government lacks Jurisdiction and Causes Reversible Error, and movants conviction must be Vactated.

<u>Ground Two</u>: Violation of movants sixth Amendment of The constitution for The united states (confrontation Clause)

<u>supporting facts</u>: movant's sixth Amendment of The united states constitution where violated under The confrontation clause.

In all Criminal Prosecutions, the accused shall enjoy The Right to be confronted with the witnesses against him.

"confrontation clause" (1913) The sixth Amendment provision generally guaranteeing a criminal defendants Right to confront an accusing witness face-to-face and to cross-examine that witness.

Here, the Government caused reversible error by violating movant's constitutional Right to cross-examine Detective Gerald Starkey to prove his character for credibility and truthfullness under Rules of evidence 608.

During Trial, movant's Attorney was not allowed to cross-examine Detective Starkey to prove his Truthfullness and credibility inwhich would have Shown The Jury That if cross-examination would have been allowed, it would have Shown That detective Starkey Already had a history of misconduct which involved Detective Starkey using a miami-Dade Police department computer to illegally send politically motivated e-mails to Government

(Contenued Ground Two:)

Government officials in violation of miami-Dade Police department Policy, and for installing unauthorized soft-ware (window washer, Inc. Program) into the computer and deleting a number of files including the E-mails about Political Activities and sexual explicit images which were in violation of miami-Dade Police Policy. He did this do to he found out he was under investigation by the department and then He took it upon himself to delete evidence. At the End of his investigation he was only sanctioned for what he admitted to, But on another note, he may have destroyed evidence that may have caused him to be convicted of criminal charges. But no one will know this As he destroyed that evidence, not to mention that he used anothers individual computer so that he wouldn't get cought.

Those unprofessional Actions clearly show that if Any simple Jury would of found out That The lead detective in this case was capable of **Altering** and destroying evidence, would have had a completly different out come of his truthfullness and would have found that the defendant Just may be in fact innocent of the offense.

Any simple Person would not be confused As.

Pg 2 of 3

(Contenued Ground Two!)

The issue would have made it clear That detective Starkey has already lied and tried to cover up his actions Pertaining an investigation on himself. whos to know of any other actions he covered up or coersed and Altered Evidence and got away with it.

Once again this shows his Truthfullness and Character would have shown the Jury That Even a detective is subject to lie and destroy evidence. which would have discredited detective Starkey's testimony.

With This, The only danger would have gone against a Government witness and would have discredited his truthfullness and This would allow a defferent Out come on movants Verdict

movant would seek a NEW Trial and have the Jury know All the facts not Just what The Government wants them to know, But All the facts.

Also. mr. Ohcoas confrontation clause was violated because he was not able to confront The so called informant and allow him to face his accusers.

movants sixth Amendment of The united states Constitution was clearly violated and movants sentence must be vacated.

Pg 3 of 3

<u>Ground THREE:</u> Violation of Movant's Fourth Amendment of The Constitution for the United States (illegal SEARCH and SEIZURE)

<u>Supporting Facts:</u> Movants Fourth Amendment for the United States Constitution was Violated Pursuant to a illegal Search and the items SEIZED which were found in the BACK (side) YARD of movants RESidence.  (.45 cal. handgun w/amunition.)

The Fourth Amendment [1791]., THE Right of the PEOPLE to be SECURED in Their Person, houses, PAPERS, and Effects, against UNRESONABLE SEARCHES And SEIZURES, shall not be Violated and no WARRANTS shall issue, but upon Probable Cause, Supported by OATH or affirmation, and PARticulary describing the Place to be SEARCHED, and the PERSON or things to be SEIZED.

Special Agent (SA) matthew CARPENTER took it upon himself to SEARCH the back (side) YARD of the house before a WARRENT was issued to SEARCH the HOUSE and or PROPERTY. By his Actions, SA-CARPENTER did an illegal SEARCH and Any EVIDENCE That was found and SEIZED before the SEARCH WARRENT was issued must be with held and with drawn as to using it as EVIDENCE to convict movant at his TRIAL.

SA-CARPENTER is a tRAINED F.B.I Agent and would know that he can <u>not</u> SEARCH Any PART of the PRoperty until

Pg 1 of 2

(Contenued 9round THREE:)

PRESENTED on a SEARCH WARRENT.

DURRING MOVANTS TRIAL, SA-CARPENTER testified on the ALLEGATIONS to which HE DESIDED to take it upon himself to SEARCH THE PROPERTY BEFORE a WARRENT WAS ISSUED, and by his ACTIONS ALONE, HE CAUSED REVERSIBLE ERROR by doing an ILLEGAL SEARCH OF MOVANTS PROPERTY.

THERE IS NO EVIDENCE SUPPORTING THAT "PROBABLE CAUSE" took EFFECT OTHER than HE, himself ALLOWED PEOPLE to GO RELEAVE Themselfs. which ELLIMINATE THE PROBABLE CAUSE to ILLEGALLY SEARCH the PROPERTY, ALSO, as SA-CARPENTER testified in OPEN COURT (TRIAL TRANS. PG. 128, SEC 20.) "AS I ROUNDED the CORNER of the BACK of the house, I SAW h.m. (ANSEL) walking towards me from the other side of the YARD, the EAST side, Still in the BACK YARD but walking" At this time THERE WAS NO INDICATION OFFERED to Allow PROBABLE CAUSE, it WASEN'T like HE was RUNNING away, OR WAVING a gun OR what NOT, HE was Just WALKING.

This does NOT give ANY PROBABLE CAUSE to START SEARCHING the PROPERTY AS to A SEARCH WARRENT WAS in fact NOT issued at the time of THE SEARCH.

Those ACTIONS CAUSED an ILLEGAL SEARCH and SEIZURE which Violated MOVANTS FOURTH AMENDMENT for the UNITED STATES Constitution and MOVANTS SENTENCE must BE VACATED.

Pg 2 of 2.

Ground four: Violation of movants FIFTH AMENDMENT of the constitution for the united states (Due process violation)

supporting facts: Movants FIFTH AMENDMENT for the united states constitution for due process of law was violated.

The FIFTH AMENDMENT, NO PERSON shall be HELD to ANSWER for a capital, or otherwise infamous crime, to be deprived of life, liberty, or property, without due process of law.

Movant was deprived of due process of law when THE Government denied MR. OCHOA a fair Trial by using EVIDENCE that was tainted (.45 CAL. Handgun w/Amunition) which also violated The Chain of Custody.

(Chain of Custody) [1947] The movement and location of Real Evidence, and The History of those persons who had in There custody, from the time it is obtained to the time it is presented in court.

(Tainted Evidence) [1876] Evidence that is inadmissible because it was directly or indirectly obtained by illegal means.

During trial it was assumed that movants Brother ANGEL may have entered the house from the BACK door and took the gun from the drawer and placed it outside

Pg 1 of 2

(continued ground four)

in the BACK YARD. This is what may have caused SA-CARPENTER to do his illegal search of the BACK YARD. (as stated in Ground Three) sence movant was charged with possion of a firearm for the .45 cal. hand gun which was found outside of the BACKYARD. That evidence was in fact Tainted do to it was moved from one place to another and is inadmissible and must be withdrawn from evidence because it not only violated the chain of custody rule, but also. violated movants Fifth Amendment for due process and denial of a fair trial inwhich movants conviction must be vacated.

Ground Five:  Ineffective Ass.stance of Counsel.

Supporting Facts:  movants counsel of Record for Trial
was ineffective for the following Reasons.

(a) counsel failed to move the court for movants accuttal
by not informing the courts fa.lur to intraduce the
Federal deposit insurance corperation (F.D.I.C.) certificate
as documented evidence that must have been produced
to prove that the united states district court had
obtained jurisdiction of the offence that Mr. Ochoa
was being charged with.

(b) Counsel failed to properly investigate Mr. Ochoa's
intire case at hand in order to defend his client
in a professional manner. If counsel was to have done
a proper investigation of movants case at hand he
would have found that the proper documentation such
as the (F.D.I.C.) certificate was never presented nor,
mentioned as evidence and That The Government Lacked
jurisdiction.

(C) counsel failed to suppress evidence that was obtained
through un illegal search and siezure of the evidence

(CONTENUED GROUND FIVE)

That was found outside in the BACK YARD of movants RESIDENCE.

(d) Counsel failed to be PREPAIRED to defend his client and by This, The TRIAL JUDGE did not allow a faIR TRIAL as counsel failed and was UNPREPAIRED to defend MR. OCHOA.

(E) counsel failed to call upon witnesses in favor of movant to deteremine that the small business that was being **Conducted** out of movant's RESIDENCE, such as the owner of The house, MR. OCHOAS mother and her Boy-friend along with The other OCCUPANTS of The House hold, in which would have PROVEN the murchandice that was found with SALE TAGS for RE-SALE, would have EXPLAINED the CURRANCY of $12,000ᵒᵒ that was found in The FREEZER did not link BACK to the money That was involved in the offence.

(F) counsel faILED to Appeal the decision of the RULEING On the denial of Allowing an EXPERT witness to take the stand On behalf of MR. OCHOA.

(G) counsel faILED to make the obviouse Objection to.

(Continued Ground Five)

The CAREER offender designation, Therefore This failure
by counsel resulted in PREJUDICE to MOVANT by increasing
his sentence by more than 10-12 years of imprisonment.
MR. OCHOA contends that by failing to object at sentencing
to his classification as a CAREER offender based on
Both PRIOR convictions. MOVANT's counsel RENDERED ineffective
assistance under Strickland v. Washington, 466: U.S. 668(1984)
holding that a claim of ineffective assistance of counsel must
satisfy Both a "PERFORMANCE PRONG" and a "PREJUDICE PRONG"
and as The RECORD will show. MR. OCHOA does in fact show Both
PRONGS along with MORE.

(H) counsel failed to assure that his client RECEIVED a
RELEVANT law in affect during his federal sentencing that
would have ASSURED his client to RECEIVE due PROCESS upon
RECEIVING the CORRECT application Pursuant to the REQUIERED
"Catergorical APPROACH" described by the SUPREME court
held in DESCAMPS V. united states, 133 s.ct. 2276, 186 L.Ed 2d
438 (2013) which states that a statute is divisible only if
"COMPRISES multiple, alternative VERSIONS of the offence" by
listing multiple ALTERNATIVE elements" Id. at 2284-85.
STRUCTURAL ERROR. SEE U.S. V. ROSS, 703 F.3d 856 (6th Cir 2012)

(CONTINUED GROUND FIVE)

However, MOVANT CONTENDS THAT THE SENTENCING COURT COMMITTED STRUCTURAL ERROR by NOT NOT APPLYING THE "modified CATERGORICAL APPROACH" PURSUANT to his STATE of FLORIDA ARMED ROBBERY in THE PRESENTENCING REPORT, PARAGRAPH 36 and his SECOND DEGREE MURDER CONVICTION HELD in PARAGRAPH 37. MOVANT STATES THIS DEPRIVATION of COUNSEL INCLUDES "CONSTRUCTURAL DENIAL of COUNSEL,, when, although COUNSEL is PRESENT" the PERFORMANCE of COUNSEL is SO INADEQUATE that, In EFFECT, no ASSISTANCE of COUNSEL is PROVIDED. RICKMAN V. BELL, 131 F.3d 1150, 1153. (6th CIR. 1997) (quoting UNITED STATES V. CRONIC, 466 U.S. 648. 104 S.Ct. 2039, 80 L.Ed 2d 657 (1984). EMPHASIS ADMITTED)


MR. OCHOA'S COUNSEL WAS INFACT INEFFECTIVE in ASSISTING his CLIENT and MOVANTS SENTENCE MUST BE VACATED.

Pg. 4 of 4

<u>Ground Six</u>:   movant moves for a new Trial based upon inconclusive identification.

<u>Supporting facts</u>:  mr. Ochoa, states that there is no evidence of the element of the charged offence that the defendant committed the offence that would support a jury verdict of guilty that occurred on August 15, 2014.

Movant seeks a new Trial pursuant to all the counts of his indictment. Ct (1) 18 usc § 1951 (a), (ct.X2): 18 usc § 924(c)(1)(A) and (Ct.X3): 18 usc § 922(g)(1).

Therefore, movants 360 month federal sentence must be vacated where as the Government did not offer any proff during trial that mr. Ochoa committed the above instant offence of Robbery of the armored Brinks savings and loans Truck.

<u>Ground seven</u>:   movant is challenging his conviction under § 18 u.s.c. § 922(9)(i). actual possession and constructive possession of a firearm.

<u>supporting facts</u>:   movant is currently challenging his conviction under 18 u.s.c § 922(9)(i) for actual possession and constructive possession of a firearm.

Movant contends that the Trial judge/court in its jury instructions had fatally amended the indictment pursuant to 18 usc § 922(9)(i), **actual possession** and **constructive possession**.

Movant asserts that a new Trial must be warrented inwhich the Trial court caused reversible error pursuant to the jury instructions under actual possession and/or constructive possession of a firearm that was in fact not found on mr. Ochoa's person, but was found outside in the back yard inwhich was found during an illegal search of movants property.

Do to the facts that movant did not posses a firearm during this process mr. Ochoa's sentence must be set aside and a new Trial warrented.

7020 1810 0000 1823 9415

DANIEl OCHOA #05620-104 (J-unit)
Federal Correctional complex (usp-1)
P.O. Box 1033
Coleman, Florida 33521-1033

LEGAL
MAil

United STates DisTRict Court
for the Southern District of Florida.
Miami - Division
Office of The CleRK
400 North Miami avenue
Miami, FL 33128



1023

33128

3130531

U.S. PO
FCM LG
COLEMA
NOV 25
AMOUN
$0.
R2304Y12

F.C.C. COLEMAN
MAIL ROOM
846 N.E. 54TH TERR
COLEMAN, FLORIDA
33521

THE ENCLOSED LETTER WAS
PROCESSED THROUGH SPECIAL
MAILING. THE LETTER HAS BEEN
NEITHER OPENED OR INSPECTED.
IF THE WRITER RAISES A QUESTION
OR A PROBLEM OVER WHICH THIS
FACILITY HAS JURISDICTION, YOU
MAY WISH TO RETURN THE MAIL
FOR FURTHER INFORMATION OR
CLARIFICATION. IF THE WRITER
ENCLOSED CORRESPONDENCE
FOR FORWARDING TO ANOTHER
ADDRESSEE, PLEASE RETURN THE
ENCLOSURE TO THE ABOVE
ADDRESSEE.

Legal - mail

RECEIVED
NOV 2 4 2020